IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   06-cv-01018-WDM-KLM

KAREN KOKINS,

    Plaintiff(s),

v.

TELEFLEX INCORPORATED,

    Defendant(s).
_____

**ORDER CONCERNING TAXATION OF COSTS**
_____

    Defendant moves, pursuant to Fed. R. Civ. P. 54(d)(1), for the review of the Clerk's taxation of costs.  In particular, Defendant objects to the Clerk's denial of the following costs: $695.81 paid for travel and subsistence for Defendant's attorney to travel to take a preservation deposition for an unavailable witness; $4,045.11 for travel, witness fees and subsistence for two expert witnesses and two corporate representatives of the Defendant attending pretrial settlement conference; and $22,155 for "exemplification" costs for electronic presentation of exhibits at trial.  Plaintiff disputes each claim.

    As to the travel and subsistence costs, Walter Sandbeck was a necessary witness and, but for the emergency preventing his attendance, Plaintiff may have been required to pay costs of the witness travel and subsistence under 28 U.S.C. § 1821.  Defendant argues that the attorney was merely a substitute for those expenses otherwise awardable.  Even if that logic somehow appealed, Defendant provides no

authority for the award of such costs under 28 U.S.C. § 1821(c) or 28 U.S.C. § 1920. Indeed, such travel costs are not recoverable under section1920 because they are not specifically authorized. *See Rohrbough v. Univ. of Co. Hosp. Author.,* 2008 WL 1840723 (D.Colo.) Further, and even more basic, the provisions of §§ 1821 and 1920 concern witnesses, not attorneys.

Concerning to the costs awarded for two experts, Slater and Taylor, the record is unclear. Defendant now seeks the actual airfare of $1,667.50, consisting of $1,032.50 for Slater and $635 for Taylor. Plaintiff apparently does not object. Plaintiff's Response, p.4. In addition, Defendant asks for two days of the $40 witness fee or $80 for each pursuant to section 1821(b) and a subsistence allowance of $168 for each pursuant to section 1831(d) for a total of $2,163.50. I agree these are recoverable under section 1821 but the Clerk awarded only $690. Therefore, the award of costs should be increased by $1,473.50 ($2,163.50 - $690 = $1,473.50).

The claimed costs of two corporate representatives, Mr. Wolfe and Ms. Watt, is based upon the requirement they attend settlement conferences as the client representative in accordance with the order of Magistrate Judge Kristin Mix. *See* doc. no. 107. Such presence is contemplated by Fed. R. Civ. P. 16(1) and mandated by this court's form scheduling order. Appendix F to Local Rules of Practice of the United States District Court for the District of Colorado. This is a novel claim to this judge and Defendants cite no explicit authority for imposing such costs. Certainly, they are not contemplated by the plain reading of section 1920, and remembering that the Court's standard that my discretion over costs "should be sparingly exercised with reference to expenses not specifically allowed by statute," *Farmer v. Arabian Am. Oil Co.,* 379 U.S.

2

227, 235 (1964), the plain language of § 1920 does not allow for such costs.

Defendant principally bases his argument on the language of 28 U.S.C. § 1821(a)(1) allowing costs for "a witness in attendance at any court of the United States or before a United States Magistrate Judge" and asserts that the requirement to attend and participate in a settlement conference as the client representative is the equivalent of a witness attendance in court or at deposition for sworn testimony.  I conclude with some irony[1] that such a boarding house reach for a claim justification should be denied.  The representatives were not sworn, they were not appearing as a witness in the proceeding and such expansive use of the word "witness" would be inconsistent with the Court's direction in *Farmer* to "sparingly" exercise my discretion in the context of awarding costs.

Defendant's last claim is for some expensive computer software and services to present exhibits and visualizations.  Demonstrating that its reach is virtually limitless, Defendant supposedly bases this claim on the false assertion that my trial procedures "required" that such expensive services be used.  Section 1.9 of my Pretrial and Trial Procedures provides: "As described in the Courtroom Technology Manual for Attorneys in the Alfred A. Arraj United States Courthouse (www.cod.uscourts.gov) the courtroom is equipped for electronic presentation of evidence.  Use of this system is required in all cases involving 25 or more exhibits. . ."  That system is in place and is regularly used by the practicing bar without any need for such supplemental software and services.  Certainly Defendant makes no showing of how these expensive services were required

---

[1] It is usually the lament of defense lawyers that plaintiffs routinely make unjustified claims.

by the Courtroom Technology Manual or the equipment as it exists. Indeed, and as noted in the case cited by Defendant, *Tilton v. Capitol Cities/ABC, Inc.*, 115 F.3d 1471, 1476 (10th Cir. 1997), under certain circumstances the cost of trial exhibits may be recoverable. *Tilton*, however, also prescribes the continuing applicability of the *Farmer* standard and I conclude that no "spare" exercise of my discretion justifies awarding such an unnecessary cost given the equipment provided to all litigants at no cost. Accordingly, this claim is denied.

It is therefore ordered that the award of costs be amended to include the additional net travel expenses and fees of $1,473.50, in addition to the $3,802.69 already awarded for a total amended award of $5,276.19. Defendant's motion is otherwise denied.

DATED at Denver, Colorado on September 8, 2009

BY THE COURT:

s/ Walker D. Miller
United States District Judge